## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOESZETTE MULLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 24-cv-2547-SMY** |
| | ) | |
| **JOSHUA GREENE and NEW** | ) | |
| **PRIME, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua* sponte whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pleaded diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, Fayette County, Illinois.

Plaintiff Joeszette Mullins filed suit against Defendants Joshua Greene and New Prime, Inc. on October 23, 2024, alleging that she sustained personal injuries after a motor vehicle accident driven by Joshua Greene who was employed by New Prime, Inc. The lawsuit was originally filed in the Circuit Court of the Fourth Judicial Circuit, Fayette County, Illinois. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. §1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction depends on the amount in controversy when the federal suit began. *Meridian Sec. Ins.*

1

*v. Sandowski,* 441 F.3d 536, 538 (7th Cir. 2006).  The amount in controversy stated in the plaintiff's Complaint generally controls, unless it is legally impossible.  *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).  If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence.  *Meridian*, 441 F.3d at 541-542; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-428 (7th Cir. 1997).

Jurisdictional facts must be established by a preponderance of the evidence.  *Meridian*, 441 F.3d at 540.  The removing party's burden is to show "what the plaintiff hopes to get out of the litigation."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of litigation could be, but also what they are given the plaintiff's actual demands.").  The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  The burden of establishing federal jurisdiction falls on the party seeking removal.  If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. §1447(c).  *Id.*

In this case, Plaintiff's Complaint requests judgment "in an amount in excess of $50,000" (Doc. 1-1).  Defendants assert that the amount in controversy exceeds $75,000 because Plaintiff is alleging she suffered injuries, she will continue to suffer injuries of a personal and pecuniary nature, and she was obliged to seek medical treatment and incur expenses past, present and future (Doc. 1, p. 2).  These allegations are insufficient to establish the amount in controversy.  *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844-845 (7th Cir. 2009) (finding claims for "future medical expenses" and "pain and suffering" could not account for jurisdictional shortfall without competent proof).

Since Defendants have not provided the Court with any competent evidence indicating that the amount in controversy exceeds $75,000, it has failed to meet its burden to provide the Court with a plausible basis for concluding that the amount in controversy exceeds the jurisdictional requirement.  Therefore, this Court does not have proper subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. §1447(c) to **REMAND** the case back to the Circuit Court of the Fourth Judicial Circuit, Fayette County, Illinois.

**IT IS SO ORDERED.**

**DATED:  January 14, 2025**

**STACI M. YANDLE**
**United States District Judge**